AYRES, Judge.
This is one of the companion cases of Dowden v. State of Louisiana, La.App., 81 So.2d 48, and, for the reasons therein assigned, defendant should respond in damages for whatever injuries-, pain and suffering plaintiff sustained.
The evidence reveals that this plaintiff received a blow on her head causing a cut or laceration, which has left a scar located somewhat above the hair line and which cannot ordinarily be seen. Following the accident she was taken to Dr. Frasier and confined to the hospital for one day. Her claim is that she now suffers severe headaches and fainting spells as a result’ of the accident. The evidence discloses that she fainted once or twice immediately following the accident, a continuation of which to the-date of trial had its onset some two or three months thereafter. • . ■
Dr. Sanders examined plaintiff on January 1, 1945, and found a localized tenderness in the right temple region of, the skull. There was no evidence of fracture. His diagnosis was that she had sustained a cerebral concussion and was of the opinion that the concussion could and did produce the nervous condition of which this plaintiff complains. The doctor only saw plaintiff on that one occasion. On the date of trial, the scar was described by him as being less than a half an inch in length and well healed. Plaintiff described her *64 fainting spells as producing a drawing of the hands, feet and mouth and the loss of consciousness. On one of those occasions, she claims to have fallen in the fireplace of her home, burning her arm to the elbow and destroying her clothing. She further complained of frequent headaches, sometimes occurring as often as two or three times a week. According to the testimony of herself, mother, brother and sister, she had not been so afflicted prior to the accident.
Testifying further with reference to his examination of January 1, 1945, Dr. Sanders stated:
“My diagnosis, from history of being unconscious following injury was that she sustained a cerebral concussion, and she had other symptoms at that time. She had headaches in the right temple region, dizziness, nervous spells, and was unable to sleep at night.”
This, he explained, was consistent with his opinion that plaintiff had suffered a cerebral concussion, which was capable of producing and resulting in some disturbance to the nervous system, from which plaintiff’s complaints could well arise.
Dr. Boyce, who examined plaintiff for the defendant, expressed an opinion that if plaintiff did not have fainting spells and headaches prior to the accident but developed them afterwards, her disability could be attributed to the injuries sustained in the accident. In that connection, he testified :
“This case has never been admitted by me as epileptic, it could be hysteria. I didn’t see her in one and don’t know what they are. If she has epileptic spells and had nothing before, I think it would be a logical conclusion the damage to the head produced these spells,”
and then when asked:
“If prior to the time of the accident the evidence shows the lady never had headaches, but beginning immediately after the accident she developed sick headaches, sometimes lasting even two days and that she developed a nervous tremor, would you connect that with the accident in any way?”,
he answered:
“In my opinion, the accident caused it or exasperated a natural nervous tendency which she has.”
From the record, while some doubt might ordinarily arise as to whether or not the disorders complained of by plaintiff were caused or precipitated by the accident, because about two years prior to the trial in 1953 plaintiff underwent an hysterectomy, which operation or the female disorders sought to be corrected thereby, according to the medical testimony, was of sufficient severity to at least contribute to her condition, if not to cause the same. Nevertheless, a logical conclusion is that the shock and injuries sustained in the accident were controlling factors which, in all probability, set in operation a chain of circumstances under plaintiff’s condition producing the difficulties of which she now suffers. If the accident in any way caused or contributed to plaintiff’s affliction, she is entitled to be compensated.
A review of the medical testimony as given by Drs. Sanders and Boyce, in view of the lay testimony that plaintiff had never prior to the accident had headaches, dizziness or fainting spells, logically leads to the conclusion that the accident, either directly or indirectly, produced or aggravated plaintiff’s condition.
However, taking into consideration all the facts as disclosed by the record, we do not feel that the proof offered in this case justifies the substantial award as made by the trial court, but that $5,000 would be neither excessive nor inadequate for the injuries suffered by plaintiff. The judgment will, accordingly, be amended.
For the reasons assigned, the judgment appealed is amended by reducing the award to $5,000, and, as thus amended, is affirmed, plaintiff to pay the costs of this appeal.
Amended and affirmed.